```
1  Joseph E. Porter III (SBN 51350)
   206 3rd Street
2  Seal Beach, California 90740
   Telephone: (562) 493-3940
3  Facsimile: (562) 493-3670

4  Harry E. Douglas IV (SBN 136877)
   LAW OFFICES OF HARRY E. DOUGLAS IV
5  5482 Wilshire Boulevard
   Suite 1600
6  Los Angeles, California 90036
   Telephone: (213) 537-5070
7  Facsimile: (213) 927-3660

8

9  Attorneys for Plaintiffs,
   DAVID LLOYD MARCUS
10
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LLOYD MARCUS, an individual, | ) CASE NO. ) |
| Plaintiffs, | ) COMPLAINT FOR: ) |
| vs. | ) 1. COPYRIGHT INFRINGEMENT; ) 2. UNFAIR COMPETITION; |
| ABC SIGNATURE STUDIOS, INC., a Delaware corporation; KHALABO INK SOCIETY, a Delaware corporation, OVERBROOK ENTERTAINMENT, INC., a California corporation, WILL SMITH, an individual, KENYA BARRIS, an individual, and DOES 1 through 10, inclusive, | ) 3. FRAUD; ) 4. DECLARATORY RELIEF; ) 5. INJUNCTIVE RELIEF. ) ) ) ) ) DEMAND FOR JURY TRIAL ) ) |
| Defendants. | ) |

Plaintiff, DAVID LLOYD MARCUS, an individual (hereinafter "MARCUS) complain, aver, and allege as follows:

## PARTIES

1. Plaintiff, DAVID LLOYD MARCUS, is an individual, and a resident in the state of Maryland.

-1-
_____
**COMPLAINT**
\***

2. Defendant, ABC SIGNATURE STUDIOS, INC.,(hereinafter referred to as "ABC") is a Delaware corporation, admitted and authorized to conduct business in the State of California, with offices in the County of Los Angeles, State of California.

3. Defendant, OVERBROOK ENTERTAINMENT, INC. (hereafter referred to as "OVERBROOK"), is a California corporation admitted and authorized to conduct business in the State of California, with offices in the County of Los Angeles, State of California.

4. Defendant, WILL SMITH, (hereinafter referred to as "SMITH", is an individual, resident in the City of Los Angeles, and State of California.  Plaintiff is further informed and believes and thereon alleges that SMITH is a principal, shareholder, officer, and director of Defendant OVERBROOK ENTERTAINMENT, INC.

5. Defendant, KHALABO INK SOCIETY, (hereafter referred to as "KHALABO INK")is a Delaware corporation, admitted and authorized to conduct business in the State of California, and with offices in the County of Los Angeles, State of California.

6. Defendant, KENYA BARRIS, (hereinafter referred to as "BARRIS", is an individual, resident in the City of Los Angeles, and State of California.  Plaintiff is further informed and believes and thereon alleges that BARRIS is a principal, shareholder, officer, and director of Defendant KHALABO INK.

## JURISDICTION AND VENUE

7. Plaintiff, MARCUS, alleges that this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. Sections 101 et seq., and a claim for unfair competition arising under the Lanham Act of 1946, (as amended), 15 U.S.C. Section 1125(a). This Court has subject matter jurisdiction over

1  these federal question claims under both the Copyright Act of
2  1976, 17 U.S.C. Sections 101 et seq., the Lanham Act of 1946, (as
3  amended), 15 U.S.C. Section 1125(a). The Complaint further seeks
4  relief in the form of a Declaratory Judgment, and the court has
5  jurisdiction of these claims pursuant to the Declaratory Judgment
6  Act, 28 U.S.C. Section 2201. This Court further has jurisdiction
7  of the state law claims pursuant to its supplemental and pendant
8  jurisdiction under 28 U.S.C. Sections 1338(a), 1338(b), and
9  1367(a).

10  8.  Venue is proper in this district pursuant to 28 U.S.C.
11  Sections 1391(b) and (c); and Section 1400(a) and, as the
12  copyright infringement, unfair competition and other wrongful acts
13  occurred in this district, and Defendants are located in this
14  district.

### FACTUAL BACKGROUND

16  9.  Plaintiff MARCUS alleges that in or about February 2013,
17  Defendant's OVERBROOK and ANA ALLIANCE sponsored a script writing
18  contest called "Search for America's Newest Screenwriter"
19  (hereinafter referred to as "Contest")

20  10.  Plaintiff MARCUS alleges that upon learning of the
21  Contest he drafted a script called "Across The Tracks", and in or
22  about March 20, 2013, he submitted such script to the Contest. The
23  script "Across The Tracks" shall hereinafter be called the
24  "Script".

25  11.  Plaintiff alleges that the Script Across the Tracks
26  detailed in humorous fashion the lives and experiences of an
27  upwardly mobile middle class African American family as they
28  navigated living the American dream. The central theme, which

separated Across the Tracks from all other comedic representations depicting African American families, was the depictions of how the members of the family are viewed by the larger society, their reactions to such views, and how the family perpetually feels as if they are oddities and out of place.

12. Plaintiff alleges that after he submitted the script to the Contest he never heard from the creators of the contest again.

13. Plaintiff further alleges that he learned of the ultimate winner of the context via the Contest website, however, Plaintiff is informed and believes and thereon alleges that the script which allegedly won the Contest was never developed into either a pilot or television show.

14. Plaintiff is informed and believes and thereon alleges that the creators of the Contest never intended to develop the script which ultimately won the Contest into a pilot or television series, but rather the true intention of the Contest was to acquire new and fresh ideas, and character treatments from creative young script-writers such as himself, and develop such ideas without compensating any of the contestants.

15. Plaintiff is informed and believes and thereon alleges that Defendant, Barris, is and was a close business associate of Will Smith the principal and owner of Defendant, Overbrook. Plaintiff is further informed and believes and thereon alleges that Defendant Barris has been employed by Will Smith and/or Defendant Overbrook, and after such formal employment ended they maintained a close personal and professional relationship.

16. Plaintiff is further informed and believes and thereon alleges that Defendant Barris was specifically employed by

1  Overbrook on a show entitled Girlfriends, and that Plaintiff is
2  further informed and believes Defendant worked on developing one
3  or more pilots for television series with Defendant Overbrook.
4     17.    Plaintiff alleges that in or about November 2014, he
5  submitted the Script Across the Tracks to the registrar of
6  copyrights of the United States Copyright Office, and as such
7  Plaintiff secured and received the exclusive rights and privileges
8  in and to Across the Tracks.  A true and correct copy of the
9  copyright registration is attached hereto as Exhibit 1.
10     18.    Plaintiff alleges that he learned in the early fall of
11  2014, that Defendant ABC was showing a pilot for a show entitled
12  Blackish for the 2014-2015 television season. The show Blackish
13  was said to have been created by Defendant Barris, and produced by
14  defendant Khalabo Ink.
15     19.    Plaintiff watched the pilot for Blackish, and was
16  shocked to realize that all the major characters, thematic points,
17  and plot turns were virtually identical to those of the Script
18  Across the Tracks which he submitted to the Contest in the spring
19  of 2013.
20     20.    Plaintiff is informed and believes and alleges thereon
21  that the show Blackish appeared on the project development slate
22  for Defendant ABC in October 2013, which is less than six (6)
23  months after Plaintiff Marcus submitted the Script Across the
24  Tracks to the Contest.
25     21.    Plaintiff alleges that specific aspects of Blackish and
26  Across the Tracks are virtually identical including but not
27  limited to the overarching theme of the juxtaposition of an
28  upwardly mobile African American family moving into a

-5-
_____
COMPLAINT
\***

1  predominately Anglo community, and the comedic treatment issues
2  faced by each member of the family in that community and the main
3  characters and their characteristics and personality traits are
4  virtually identical.

FIRST CAUSE OF ACTION

(Copyright Infringement

DAVID MARCUS against ABC, KHALABO and BARRIS)

22. Plaintiff realleges and incorporate by reference each and every allegation contained in Paragraphs 1 through 21, inclusive, of the Complaint as though set forth in full.

23. Across the Tracks contains material wholly original with Plaintiff MARCUS, and is copyrightable subject matter under the laws of the United States.

24. In or about November 2014, Plaintiff MARCUS secured the exclusive rights and privileges in and to Across the Tracks by registering a copyright with the United States Copyright Office bearing registration certificate number PAu003748868. A true and correct copy of the copyright registration is attached hereto as Exhibit 1.

25. Plaintiff MARCUS is currently and has always been the sole proprietor of all right, title and interest in and to Across the Tracks.

26. Plaintiff MARCUS as the sole proprietor of all right, title and interest in and to the copyright in Across the Tracks has the exclusive right to among other things, prepare derivative works based on this book or transfer this right to someone else.

27. By producing and distributing Blackish, Defendants, and each of them, knowingly and willingly infringed and will continue to infringe Plaintiff MARCUS' copyright in the script.

28. Plaintiffs have not authorized the Defendants to copy, reproduce, or prepare derivative works from, perform, or sell the Script.

29. As a result of their wrongful conduct, Defendants, and each of them are liable to Plaintiffs for copyright infringement pursuant to 17 U.S.C. Section 501. Plaintiffs have suffered and will continue to suffer, substantial losses, including but not limited to the value of the Defendant unauthorized use of the Script Across the Tracks, in an amount not yet ascertained, but which will be determined according to proof.

30. Plaintiffs are entitled to recover damages, which include their losses and any profits Defendants have made as a result of their wrongful conduct pursuant to 17 U.S.C. Section 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. Section 504(c).

31. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. Section 504(C)(2).

32. Plaintiffs are entitled to recover their attorney's fee and cost of suit pursuant to 17 U.S.C Section 505.

### SECOND CAUSE OF ACTION

(Unfair Competition - DAVID MARCUS against ABC, KHALABO and BARRIS)

-7-

**COMPLAINT**

33. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 32, inclusive, of the Complaint as though set forth in full.

34. Defendants, and each of them, by failing to credit Plaintiff Marcus and Across the Tracks, the Script upon which Blackish is actually based, Defendants, and each of them, have made, and will continue to make a false and misleading designation about the origin of this television series in violation of the Lanham Act, 15 U.S.C Sections 1117 and 1125(a).

35. As a result of this false and misleading designation, it is likely that the public who watch the television series on television, DVD, video streaming services, and elsewhere will be confused about the source upon which Blackish is based.

36. Plaintiff Marcus is informed and believes and thereon alleges that Blackish has been placed in the stream of commerce via television broadcast in all 50 states and throughout the world, and that Defendants, will distribute the series in markets throughout the world through DVD compilation sales, and video streaming services.

37. As a direct and proximate result of Defendants unfair trade practices and unfair competition, Plaintiff Marcus has suffered and will continue to suffer injuries and damage, much of which cannot be reasonably or adequately measured or compensated in damages. Such injuries and damage include, but are not limited to, the fact that Plaintiff Marcus has been unfairly deprived of (1) just compensation, including income from selling the rights to Across the Tracks and receiving a percentage of the profits of Blackish that he deserves as the creator of the television show;

-8-

1  and(2) the appropriate recognition, including a screen credit, to
2  which he is undeniably entitled. Plaintiff Marcus exact amount of
3  damages will be proven at trial, but they are in no event less
4  than $5,000,000.00.
5    38.    Plaintiff Marcus is informed and believes, and on that
6  basis alleges, that in doing the acts described above, Defendants
7  acted with oppression, fraud, malice, and ill will toward
8  Plaintiff Marcus, and in wanton disregard for the rights of Marcus
9  and with the intent to injure him or cause damage. Accordingly,
10 Plaintiff Marcus is entitled to receive treble damages and his
11 reasonable attorneys fees.

## THIRD CAUSE OF ACTION

(FRAUD – DAVID MARCUS against OVERBROOK and SMITH)

14   39.    Plaintiff realleges and incorporate by reference each
15 and every allegation contained in Paragraphs 1 through 38,
16 inclusive, of the Complaint as though set forth in full.
17   40.    Defendants Overbrook Entertainment and Will Smith
18 participated in creating the Contest with ANA Alliance for the
19 express purpose of inducing new, unknown, and unrepresented
20 screenwriters to submit their ideas, treatments, and scripts to
21 the Contest entitled "Search for America's Newest Screenwriter".
22   41.    Defendants, Overbrook Entertainment and Will Smith in
23 collaboration with ANA Alliance advertised and marketed the
24 Contest throughout the entertainment community through websites,
25 online advertisements, and print media to publicize the Contest.
26   42.    The published official rules of the Contest stated that
27 an unnamed panel of judges would evaluate the scripts submitted to
28 the Contest, and that the top ten (10) finalists would be reviewed

and evaluated by Defendant Overbrook Entertainment, and Defendant Overbrook Entertainment in its sole discretion would determine the grand prize winners in the two stated categories. The official rules further provided that the grand prize winners would be announced on June 24, 2013.

43. The Contest was designed to specifically exclude any sophisticated screenwriters familiar with the entertainment industry as no entrants in the contest could be members of any professional writer's guild or professional writing union. Furthermore, the Contest provided only a nominal grand prize of $5,000 for each of the eventual winners, and an additional $1,000 when the Contest winners signed a "Rights/Writer/Producer Agreement" granting ANA Alliance an 18 month option to develop the scripts.

44. Plaintiff alleges that neither of the two winning scripts were ever developed into a pilot or television series, as that was not the actual purpose of the contest.

45. Plaintiff alleges that the actual undisclosed purpose of the Contest was to allow Overbrook Entertainment and Will Smith to gain uncompensated access to a treasure trove of new script material, with fresh ideas, new character treatments, and creative plot lines from unrepresented writers, and to exploit such scripts without compensating the writers.

46. Plaintiff is further informed and believes and thereon alleges that Overbrook Entertainment and Will Smith allowed defendant Kenya Barris access to the scripts which were submitted to the Contest and ultimately Defendant Kenya Barris exploited Plaintiff script Across The Tracks under the title "Blackish".

-10-

COMPLAINT
\***

47. Plaintiff further alleges that the true intentions of the sponsors of the Contest is made manifest in the illusory nature of the copyright protections in the contest rules which should be deemed void on the grounds of public policy as such rules actually authorize the theft, misappropriation, and infringement of the copyrights in the scripts submitted to the contest as well as the theft and misappropriation of the concepts, ideas, plots, themes, and story lines of any of the submitted scripts, to wit the contest rules state: "Sponsor, by virtue of its position in the entertainment industry, may receive or may have already received submissions of ideas, formats, stories, scripts, screenplays, synopses, treatments, suggestions and the like, whether as part of the Contest or not. Furthermore, many such submissions received by Sponsor may be similar to or identical to those developed by the Entrant, in furtherance of his acknowledgement, Entrants agree that they will not be entitled to any compensation based on the use by Sponsor or any party affiliated with Sponsor of materials that contain similar of identical ideas, formats, storylines, etc. as those contained in the Script submitted by the Entrant."

48. Plaintiff alleges that Overbrook Entertainment in co-sponsoring the Contest specifically insured that the language cited in the foregoing paragraph was included in the Contest rules to facilitate their ultimate purpose with was to acquire access to new scripts, and to be able to exploit such scripts, without paying, crediting, or otherwise acknowledging or compensating the creators and writers of such scripts.

49. Plaintiff alleges that he relied upon the false representations in the Contest Rules that an actual winner would be selected and the winners' scripts would be developed, and in reliance upon these representations submitted a script to the Contest.

50. Plaintiff alleges that had he known that the true intention of Defendants Overbrook Entertainment and Will Smith was to collect scripts for future exploitation without compensation, he would not have submitted his Script to the Contest.

51. Plaintiff alleges that as a result of the acts of Defendants Overbrook Entertainment and Will Smith, he has sustained damages in excess of five million ($5,000,000.00) dollars.

52. Plaintiff further alleges that the acts alleged herein by Defendants, Overbrook Entertainment and Will Smith were willful, malicious, and fraudulent, and was intended to oppress and cause injury to plaintiff. Plaintiff is therefore entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION

(DECLARATORY RELIEF against all defendants)

53. Plaintiff realleges and incorporate by reference each and every allegation contained in Paragraphs 1 through 40, inclusive, of the Complaint as though set forth in full.

54. An actual controversy has arisen and now exists between Plaintiff Marcus and Defendants in that Plaintiff contends and Defendants deny that they have infringed on Marcus' copyright in Across the Tracks and made use of his idea for a television series.

55. Plaintiff desires a judicial determination of this issue.

56. Such a declaration is necessary and appropriate at this time in order that Plaintiff may ascertain his rights to compensation and credit for his contributions to Blackish.

## FIFTH CAUSE OF ACTION

(INJUNCTIVE RELIEF against all defendants)

57. Plaintiff realleges and incorporate by reference each and every allegation contained in Paragraphs 1 through 56, inclusive, of the Complaint as though set forth in full.

58. Defendants wrongful conduct described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff in that such conduct, among other things, may prevent him from receiving appropriate credit for his contributions to Blackish.

59. Plaintiff has no adequate remedy at law for many of the injuries that are threatened in that it will be impossible for Plaintiff to determine the precise amount of damage he will suffer if Defendants conduct is not restrained.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

On The First Cause of Action:

1. For a judicial determination and order that Plaintiffs copyright has been infringed upon by Defendants;
2. For an order that Defendants account for and pay to Plaintiff for all damages sustained by Plaintiff from the infringement of his copyright interest in an amount no less than $5,000,000.;

3.   For an enhanced award of statutory damages in accordance with 17 U.S.C. § 504(c)(2) due to Defendants willful conduct.

4.   For an award of attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

On The Second Cause of Action:

5.   For Damages for unfair competition under Section 43(a) of the Lanham Act in an amount to be proven at trial, but in no event not less than $5,000,000.

6.   For an injunction ordering that Defendants, and each of them, and their agents and employees be permanently enjoined from designating anything other than Across the Tracks as the source script, and Plaintiff Marcus as the creator of Blackish;

On the Third Cause of Action:

7.   For Damages for fraud in an amount to be proven at trial, but in no event not less than $5,000,000.

8.   For an award of exemplary and punitive damages in an amount sufficient to punish and deter Defendants from such action in the future.

On The Fourth Cause of Action:

9.   For a declaration that Defendants BARRIS, KHALABO INK, and ABC infringed on Plaintiff MARCUS copyright in Across the Tracks, and made use of his Script for the show Blackish;

On The Fifth Cause of Action

10.   For a preliminary injunction and permanent injunction ordering that ABC, KHALABO INK, and BARRIS and their

|   |   |
|---|---|
| 1 | agents and employees be enjoined from (1) infringing on |
| 2 | MARCUS' copyright in Across the Tracks in any manner, |
| 3 | including distributing or showing Blackish with MARCUS |
| 4 | consent; and (2) designating anyone other than MARCUS as |
| 5 | the creator of Blackish; |

On All Causes of Action:

11. For attorney's fees incurred according to proof;

12. For all costs incurred;

13. For such further and other relief as the court may deem proper.

### DEMAND FOR JURY TRIAL

Demand for a Jury Trial is hereby demanded by plaintiffs pursuant to the Local Rule 38-1 of the Local Rules of Court for the Central of District of California.

Dated: January 6, 2017

```
                                    LAW OFFICES OF
                                    HARRY E. DOUGLAS IV

                                     /s/ HARRY E. DOUGLAS IV
                                    _____
                                    Harry E. Douglas IV, Esq.
                                    Attorneys for Plaintiffs
```

-15-

**COMPLAINT**